IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Randolph M. James, P.C., a North Carolina Professional Corporation,

    Plaintiff,

vs.

Oconee County Aeronautics Commission, d/b/a Oconee County Regional Airport (KCEU),

    Defendant.

C.A. No. 8:11-1855-HMH

**OPINION & ORDER**

This matter is before the court on Defendant's motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

### I. Factual and Procedural Background

The Plaintiff alleges in the complaint that its aircraft struck a deer while attempting to takeoff from the Oconee County Regional Airport. (Compl. ¶¶ 23-24.) As a result, the Plaintiff alleges that the aircraft suffered damage because of the Defendant's negligence. (Id., generally.) In its complaint, the Plaintiff alleges that the Defendant, Oconee County Aeronautics Commission ("Commission"), operates the Oconee County Regional Airport

> as a public regional general aviation facility, selling airplane and jet fuel, constructing hangars for the storage of air craft and generally providing the types of services normally provided by a fixed base operator ("FBO"), including construction and maintenance of facilities for the take-off and landing of aircraft, such as runways. At all times relevant to this civil action, planes could and did land and take off, take on fuel, be serviced and otherwise use OCAC's KCEU airport for general aviation purposes.

1

(Id. ¶ 6.) The Commission filed this motion to dismiss on September 22, 2011, alleging that the proper party defendant is Oconee County, not the Commission. The Commission submits that the court lacks subject matter jurisdiction because this case arises under the South Carolina Tort Claims Act and exclusive jurisdiction lies in the South Carolina Circuit Court. The Plaintiff filed a memorandum in opposition on October 11, 2011. This matter is now ripe for consideration.

## II. Discussion of the Law

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

In a motion to dismiss pursuant to Rule 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to 12(b)(1), the . . . court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (internal quotation marks omitted). The motion to dismiss should be granted "only if the

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### A. South Carolina Tort Claims Act ("SCTCA")

The Commission alleges that (1) it is a "dependent commission of Oconee County, created by Oconee County Council and subject to the authority and control of Oconee County Counsel" and thus, Oconee County is the proper defendant whose liability is controlled by the SCTCA; and (2) even assuming that the Commission is an independent agency, "the Commission would be a governmental agency, whose liability is controlled by the" SCTCA. (Def. Mot. Dismiss 1.); (Def. Mem. Supp. Mot. Dismiss 7.)

Under the SCTCA, "[a]ny person who may suffer a loss proximately caused by a tort of the State, an agency, a political subdivision, or a governmental entity, and its employee acting within the scope of his official duty may file a claim [under the SCTCA]." S.C. Code Ann. § 15-78-50(a). "The [SCTCA] governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or its employees." Proctor v. Dep't of Health & Envtl. Control, 628 S.E.2d 496, 502 (S.C. Ct. App. 2006) (internal quotation marks omitted). "The [SCTCA] waives sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties." Id. (internal quotation marks omitted). "However, the Act's waiver of governmental immunity is limited [and] . . . the provisions of the Act must be liberally construed in favor of limiting the liability of the State." Id. (internal quotation marks and citations omitted). Thus, the Commission submits that this court is without jurisdiction to hear this

matter because S.C. Code Ann. § 15-78-100(b) provides that jurisdiction for an action brought under the SCTCA "is in the circuit court and brought in the county in which the act or omission occurs."

In support of its position that Oconee County is the proper defendant, the Commission alleges that it was established

> by Oconee County Council through Oconee County Ordinance No. 79-18, and it was created on January 1, 1980. This Ordinance is codified at §2-261 of the Oconee County Code of Ordinances. . . . [(hereinafter "Ordinance")] Section 5 of the Ordinance defines the duties of the Commission as, inter alia, "advis[ing] Oconee County Council on any matter affecting aeronautics, the operation of the County's airport and airport facilities." Section 5 of the Ordinance does not provide the Commission any independent authority – its duties are limited by the creating body, Oconee County Council, to advising and consulting with the Oconee County Council regarding aeronautics issues, including ownership, maintenance and profitability of the Oconee County Regional Airport. Specifically, . . . the Commission has no authority to act on behalf of the County.

(Def. Mem. Supp. Mot. Dismiss 2.) The Plaintiff submits that it is premature to determine whether Oconee County is the proper party because

> plaintiff has had no opportunity to determine in discovery whether, by usage, custom or practice, the Oconee County Aeronautics Commission has properly fulfilled its duties under the ordinance or whether the Commission has assumed a greater scope or extent of authority and action than argued by the defendant.

(Pl. Mem. Opp'n Mot. Dismiss 5.) Further, the Plaintiff alleges that the court cannot consider the Ordinance in deciding a motion to dismiss for failure to state a claim because it falls outside of the pleadings. (Id. at 6.) However, in deciding a Rule 12(b)(6) dismissal, the court "may properly take judicial notice of matters of public record." Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The court "may also consider documents attached to the complaint, . . . as well as those attached to the motion to dismiss, so long as they are integral to

4

the complaint and authentic." Id.; Sec'y of State for Def. v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (finding that court is authorized to take judicial notice of public information such as court documents without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.)  The Ordinance is a matter of public record, and the court may take judicial notice of the Ordinance without converting this matter to a motion for summary judgment.  There is no evidence that this Ordinance has been amended.  Further, the Plaintiff cites the Ordinance in its complaint.  (Compl. ¶ 2.)

The Ordinance identifies that the role of the Commission is to advise and make recommendations to Oconee County Council, prepare plans for Oconee County Council, and participate in the "formulation of the budget."  Ordinance § 2-265.  The Ordinance specifically provides that

> [i]n no event, . . . shall this Commission enter into any contracts, contractual obligations, employment of personnel, purchase of equipment or expenditure of funds not itemized and authorized in the budget under which it shall operate, without the prior written consent, affirmation and authorization of Oconee County Council.  In any event, the power and authority to enter into any contract binding Oconee County is vested with and shall remain in the Supervisor and Oconee County Council and is not herein delegated to this Commission.

Id. § 2-265(1).  The Commission submits that it was created by Oconee County pursuant to S.C. Code Ann. § 4-9-30(6), which provides that counties may

> establish such agencies, departments, boards, commissions and positions in the county as may be necessary and proper to provide services of local concern for public purposes, to prescribe the functions thereof and to regulate, modify, merge or abolish any such agencies, departments, boards, commissions and positions, except as otherwise provided for in this title.

The Ordinance is devoid of any inference that the Commission has independent authority to operate the airport.  To the contrary, as set forth above, the Commission is dependent and

5

reports directly to the Oconee County Council for decisions regarding the operation of the airport.

Further, the Commission in this case is distinguishable from <u>Willis Constr. Co. v. Sumter Airport Comm'n</u>, 419 S.E.2d 240, 241 (S.C. Ct. App. 1992), in which the airport commission was a named defendant.  In contrast to the powers of the Commission in the instant case, in <u>Willis</u>, the airport commission was authorized by statute to receive money from any source, "to hold and enjoy property . . . in the County of Sumter . . . for the purpose of establishing and maintaining airports in the County of Sumter," and to make rules and regulations for the operation of the airports in Sumter County.  <u>Id.</u>  Based on the foregoing, Oconee County, as the owner and operator of the airport, is the proper party defendant in this case.  Therefore, the Commission's motion to dismiss is granted pursuant to Rule 12(b)(6) for failure to state a claim for relief against the Commission.

In addition, Oconee County is a political subdivision of South Carolina under the SCTCA and thus, its tort liability is governed by the SCTCA.  S.C. Code Ann. §§ 15-78-30(h) & 50(a).  "Political subdivision" is defined in the SCTCA as

> the counties, municipalities, school districts, a regional transportation authority established pursuant to Chapter 25 of Title 58, and an operator as defined in item (8) of § 58-25-20 which provides public transportation on behalf of a regional transportation authority, and special purpose districts of the State and any agency, governmental health care facility, department, or subdivision thereof.

<u>Id.</u>  As a result, the court is without jurisdiction to hear this matter because S.C. Code Ann. § 15-78-100(b) provides that jurisdiction for an action brought under the SCTCA lies "in the circuit court and brought in the county in which the act or omission occurred."  Having found

6

that Oconee County is the proper defendant, the court lacks subject matter jurisdiction.[1]  Martin v. Lott, C/A No. 3:07-3782-JFA, 2010 WL 547175, at *11 (D.S.C. Feb. 9, 2010) (unpublished) ("Because Mr. and Mrs. Martin assert SCTCA claims solely against Sheriff Leon Lott, this court lacks jurisdiction to hear the state-law claims.").

It is therefore

**ORDERED** that the Defendant's motion to dismiss, docket number 9, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 28, 2011

---

[1] Having granted the motion to dismiss, the court declines to address the Defendant's additional arguments in support of dismissal.